**E-Filed 4/8/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>KEVIN RYAN, et al.,<br><br>                    Defendants. | Case Number 5:08-cv-04823-JF<br><br>ORDER GRANTING PETITION FOR JUDICIAL APPROVAL OF LEVY |

The United States petitions for judicial approval of a levy upon the principal residence of Defendants Kevin and Nancy Ryan. Although the United States filed the petition in 2008, the Court continued the hearing on the matter numerous times so that the parties could engage in settlement discussions. The Court ultimately conducted hearings on November 5, 2010, and on January 7, 2011, and requested supplemental briefing to be completed on January 28, 2011. Defendants submitted a sur-reply on February 7, 2011, which the Court will consider in the exercise of its discretion. For the reasons discussed below, the petition will be granted.

## I. BACKGROUND

In 2004, the Internal Revenue Service ("IRS") disallowed a deduction in excess of $36 million that the Ryans had claimed on their federal income taxes for the year 2000. As a result, the Ryans had an outstanding federal income tax liability of approximately $17 million for the

year 2000. The Ryans entered into an installment agreement with the IRS, but they subsequently defaulted on the installment payments. The IRS issued a Notice of Defaulted Installment Agreement and Notice of Intent to Levy and recorded a Notice of Federal Tax Lien. The United States filed the instant petition on October 22, 2008, asserting an unpaid balance of $11,747,231.80, which included unpaid principal in the amount of $8,793,147.92 and penalties and interest in the amount of $2,954,083.88. The IRS since has collected a portion of the unpaid balance; the Ryans have paid over some monies voluntarily, and the IRS has obtained other monies by levying on the Ryans' assets. The outstanding balance as of July 23, 2009 was $6,233,769.

## II. DISCUSSION

The United States may seek judicial approval of a levy on a taxpayer's principal residence pursuant to 26 U.S.C. § 6334(e). In order to obtain such approval, the United States must file a petition demonstrating that: the underlying tax liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and there is no reasonable alternative for collection of the taxpayer's debt. 26 C.F.R § 301.6334-1(d)(1). "The taxpayer will be granted a hearing to rebut the Government's prima facie case if the taxpayer files an objection within the time period required by the court raising a genuine issue of material fact demonstrating that the underlying tax liability has been satisfied, that the taxpayer has other assets from which the liability can be satisfied, or that the Service did not follow the applicable laws or procedures pertaining to the levy." 26 C.F.R § 301.6334-1(d)(2). "*The taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding.*" *Id*. (emphasis added). "Unless the taxpayer files a timely and appropriate objection, the court would be expected to enter an order approving the levy of the principal residence property." *Id*.

It is undisputed that the underlying tax liability has not been satisfied. The Ryans challenge the *amount* of the liability, asserting that a failure-to-pay penalty in the amount of approximately $ 2.6 million was assessed improperly. The Ryans are pursuing an administrative appeal with respect to that penalty. However, although the Ryans expected that the administrative appeal would be resolved by early 2011, there has been no decision to date, and it

is unclear when a decision will issue. As noted above, the Ryans are not permitted to challenge in this proceeding the amount of the underlying tax liability.[1] Moreover, even if the $2.6 million penalty were deducted, there would be approximately $3.6 million in outstanding tax liability remaining.

The United States submits declarations of Revenue Officer David Palmer, as well as a Pre-Seizure Fact Sheet that Palmer prepared in support of his recommendation that the Ryans' principal residence be seized. Palmer describes the steps that he took to obtain payment on the Ryans' outstanding tax liability before seeking to levy on their principal residence, the Ryans' failure to provide requested financial documents, the seizure of all known valuable assets other than the residence, and the IRS's compliance with administrative requirements relating to the proposed levy.

The Court concludes that the United States' petition and documents filed in support thereof are sufficient to meet the requirements of 26 C.F.R § 301.6334-1(d)(1). Thus the burden shifts to the Ryans to demonstrate that those requirements are not satisfied in this case. The Ryans have not met this burden. They attempt to show that in fact they do have assets other than their principal residence that are sufficient to satisfy the outstanding tax liability. However, a careful review of the Ryans' submissions reveals the flaws in their evidence. For example, the Net Worth Statement and the expert report of Ronald Artale provide speculative values for the Ryans' assets based upon uncertain sale dates. Moreover, the IRS already has issued numerous levies that include the entities comprising these assets, but the tax liability remains unsatisfied. For example, Addition Technology has refused to honor the levy issued to it, and instead it has been issuing monthly checks to Nancy Ryan in the amount of $10,000. The IRS has been levying on other assets since December 2007. The IRS was unable to levy upon one parcel of real property owned by the Ryans at the time they incurred the tax liability because the Ryans

---

[1] The Ryans cite a number of out-of-circuit cases for the proposition that they may challenge the underlying tax liability in this proceeding; however, none of the cited cases addresses a petition under 26 U.S.C. § 6334(e), nor do any of the cases address the regulations expressly prohibiting such challenges in proceedings under § 6334(e).

transferred the property to their daughter in 2006 in return for a promissory note that does not require any payments until September 2011. The Ryans' proposed alternative plan for satisfaction of their tax liability offers payment of the debt over the next twenty-one to thirty-three months; this is insufficient to show that the Ryans have the present ability to satisfy their tax liability.[2]

The Ryans ask the Court to take into account equitable considerations, such as Kevin Ryan's poor health. Equity plays no part in the task before the Court at this time, which is to determine whether the Ryans have demonstrated that they have sufficient assets other than their principal residence to satisfy their tax liability. Morever, although it is sympathetic to anyone with significant medical problems, the Court notes that the Ryans have not made a voluntary payment since 2006; they concealed the 2006 transfer of real property to their daughter; and despite their asserted ability to satisfy their tax liability, they have not done so in the two and a half years since the instant action was filed. If equitable considerations were to play a part in the Court's analysis, the Ryans would not prevail.

### III. ORDER

Accordingly, for good cause shown, the petition for judicial approval of levy upon a principal residence is GRANTED.

DATED: 4/8/2011

_____
JEREMY FOGEL
United States District Judge

---

[2] The Ryans complain that the United States has not provided requested discovery as to why the IRS believes that the Ryans do not have other assets that could be used to satisfy the tax liability. This argument misses the point that the United States has made a prima facie case, and it is the Ryans' burden to demonstrate that they have assets other than their primary residence that can be used to satisfy the tax obligation.